UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DUANE GABRIEL,

                Petitioner,

v.                                          9:21-CV-0500
                                               (DNH)
MICHAEL CAPRA,

                Respondent.

---

APPEARANCES:                                OF COUNSEL:

DUANE GABRIEL
Petitioner, pro se
96-A-4391
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

HON. LETITIA JAMES                    JALINA J. HUDSON, ESQ.
Attorney for Respondents               Ass't Attorney General
New York State Attorney General
28 Liberty Street                              MICHELLE E. MAEROV, ESQ.
New York, NY 10005                     Ass't Attorney General

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

    *Pro se* petitioner Duane Gabriel ("Gabriel" or "petitioner") seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 9, Amended Petition ("Am. Pet."). In August, the Court granted petitioner leave to file a written affirmation, within thirty days, explaining why the statute of limitations should not bar his amended petition. Dkt. No. 11, Decision and Order ("August Order"). In compliance with the August Order, petitioner timely filed said

affirmation. Dkt. No. 12, Affirmation. The Court directed respondent to answer the petition. Dkt. No. 13, Decision and Order ("September Order").

Thereafter, respondent requested, and was granted, two extensions of time to file the answer. Dkt. Nos. 15-18. Shortly after the grant of a second extension, Gabriel moved to stay the case (Dkt. No. 19) and respondent moved to file a motion to dismiss (Dkt. No. 21) in lieu of an answer. Dkt. No. 19, Letter Request for a Stay; Dkt. No. 21, Motion to Dismiss. The Court denied petitioner's request for failure to comply with the local rules, but granted respondent's request. Dkt. No. 22, Text Order. Petitioner was given thirty days to either file a proper motion to stay or respond to respondent's motion to dismiss. *Id.*

Gabriel has since filed a proper motion to stay the action. Dkt. No. 25. Respondent opposes the motion. Dkt. No. 26. For the following reasons, petitioner's motion is denied and he shall have thirty (30) days leave to file a response to respondent's motion to dismiss the petition as untimely.

## II. BACKGROUND

After a jury trial in Rensselaer County Court, Gabriel was convicted "of the crimes of murder in the second degree (two counts), grand larceny in the fourth degree (two counts) and petit larceny (three counts)," in violation of the New York State Penal Code. *People v. Gabriel*, 241 A.D.2d 835, 835-36 (3rd Dep't 1997). The conviction arose out of the shooting deaths of a father and his son, with whom petitioner had been living. *Id.* Petitioner "was sentenced to consecutive prison terms of 25 years to life for each murder conviction and 1 1/3 to 4 years for each grand larceny conviction. He was also sentenced to concurrent one-year jail terms for each petit larceny conviction." *Id.* at 836.

Gabriel directly appealed his conviction, contending that it was against the weight of the evidence and that his sentence was harsh and excessive. *Gabriel*, 241 A.D.2d at 837-39. The Third Department rejected the arguments and affirmed the conviction. *Id.* at 839. Petitioner appealed the Third Department's decision and, on January 4, 1998, the New York State Court of Appeals denied the appeal. *People v. Gabriel*, 91 N.Y.2d 892 (1998).

### III. DISCUSSION

Gabriel argues that, pursuant to the United States Supreme Court decision *Wooden v. United States*, 142 S. Ct. 1063 (2022), a stay is warranted because "the sentence imposed upon him [wa]s unauthorized, illegally imposed and invalid otherwise as a matter of law." Dkt. No. 25 at 1. Petitioner shared that he had filed a motion to vacate his sentence pursuant to New York Criminal Procedure Law § 440.20 ("440 motion"), based upon the Supreme Court decision, and requested that this action be held in abeyance during the state court procedures. *Id.* Petitioner did not otherwise include any specifics on the arguments supporting his 440 motion.

Respondent opposes the motion to stay. Dkt. No. 26. Respondent has attached the 440 proceedings in state court, including the denial of the motion, to its opposition. *See* Dkt. No. 26-1. Respondent argues that petitioner's motion is meritless and thus should not be granted. Dkt. No. 26 at 3-4.

The Supreme Court has concluded that a "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Accordingly, it has provided courts with the following three-part test for determining when a stay is appropriate, directing courts to consider: (1) whether there was "good cause for petitioner's

failure to exhaust his claims first in state court;" (2) whether petitioner's "unexhausted claims are plainly meritless; and (3) whether petitioner has "engage[d] in abusive litigation tactics or intentional delay[.]"  *Id.* at 277-78.

*Wooden* was decided on March 7, 2022.  142 S. Ct. at 1063.  This was after both the initial and amended petitions were filed in 2021.  *See* Dkt. No. 1; Dkt. No. 9.  Accordingly, respondent does not argue, nor would the Court find, that petitioner could have previously exhausted his claims in state court prior to filing the instant action.

However, respondent argues, and the Court agrees, that petitioner's motion is meritless.  In *Wooden*, the Supreme Court was asked to evaluate whether the petitioner's activities of burglarizing ten units in a single storage facility constituted one single criminal transaction or ten separate ones.  142 S. Ct. at 1067-69.  This is because "[s]ome two decades [after petitioner pled guilty], the courts below concluded that those convictions [of ten separate burglaries] were enough to subject [petitioner] to enhanced criminal penalties under the Armed Career Criminal Act (ACCA)."  *Id.* at 1067.  The Supreme Court said, in a narrowly tailored opinion, that petitioner's "one-after-another-another-after-another burglary of ten units in a single storage facility occurred on one 'occasion,' under a natural construction of that term and consistent with the reason it became part of the ACCA."  *Id.* at 1069.

In denying Gabriel's 440 motion, the Schenectady County Court held that the *Wooden* decision "did not create a new constitutional rule with regard to consecutive sentencing. Rather *Wooden* related to statutory interpretation of a federal sentencing law – the Armed Career Criminal Act (ACCA)."  Dkt. No. 26-1 at 18.  Accordingly, petitioner had failed to establish that his state criminal sentence "was unauthorized, illegally imposed or invalid as a

4

matter of law." *Id.*

For the same reasons, this Court must also deny the motion for a stay. Petitioner's state court sentence was not imposed pursuant to the ACCA; therefore, *Wooden* is not applicable to the instant action and has no bearing on petitioner's proposed unexhausted claim. In sum, given the Supreme Court's limited holding, there is no merit to petitioner's conclusory and unsupported arguments that it extends to his sentence. Accordingly, consistent with the holding in *Rhines*, the motion to stay the proceedings must be denied.

Furthermore, any request by Gabriel to amend his petition to include the instant unexhausted sentencing claim based on *Wooden* is also denied as meritless. *See Rivera v. Ercole*, No. 1:07-CV-3577, 2007 WL 2706274, at *22 (S.D.N.Y. Sept. 18, 2007) ("[A] motion to amend . . . to include an unexhausted claim, . . . would be futile if the court also declined to use the stay and abeyance procedure while the petitioner exhausts the claim in state court."); *accord Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014) (holding that the district court's "refusal to grant a stay necessarily means that it would be futile to grant [p]etitioner's request to amend the petition, since he would be adding unexhausted claims on which the [c]ourt could not grant habeas relief.").

## IV. CONCLUSION

Therefore, it is

ORDERED that

1. Petitioner's request to stay the present proceedings, Dkt. No. 25, is **DENIED**;

2. Petitioner's response to respondent's motion to dismiss the petition as untimely, Dkt. No. 21, is due within thirty (30) days of the issuance of this Order; and

3. The Clerk serve a copy of this Decision and Order upon the parties in accordance

with the Local Rules.

    IT IS SO ORDERED.

Dated: September 15, 2022
       Utica, New York.

United States District Judge